UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.:

FELIPE BALTAZAR
and other similarly situated individuals,

      Plaintiff(s),

v.

B. GREEN & MORE LANDSCAPING INC
and BILLY M. LOPEZ, individually

      Defendants,

_____/

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff FELIPE BALTAZAR, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants B. GREEN & MORE LANDSCAPING INC, and BILLY M. LOPEZ individually, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff FELIPE BALTAZAR is a covered employee for purposes of the Act. The Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.  The Plaintiff is a covered employee for purposes of the Act.

3.  Defendant B. GREEN & MORE LANDSCAPING INC (hereinafter B. GREEN & MORE, or Defendant) is a Florida corporation, having a place of business in Martin County, Florida, where the Plaintiff worked. The Defendant was engaged in interstate commerce.

4.  The individual Defendant BILLY M. LOPEZ was and is now, the owner/partner/officer and operator of Defendant Corporation B. GREEN & MORE. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5.  All the actions raised in this complaint took place in Martin County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6.  This cause of action is brought by Plaintiff FELIPE BALTAZAR as a collective action to recover from the Defendants overtime compensation, retaliatory damages, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after February 2020, (the "material time") without being properly compensated.

7.  Defendant B. GREEN & MORE is a full-service landscaping company located in Indiantown, Martin County, where the Plaintiff worked

8.  Defendants B. GREEN & MORE and BILLY M. LOPEZ employed Plaintiff FELIPE BALTAZAR approximately from February 15, 2020, to May 15, 2020, or 13 weeks.

9.  The Plaintiff was hired as a non-exempted full-time landscaper, and he was paid at the rate of $17.50 an hour. Plaintiff's overtime rate should be $26.25 an hour.

10. During his time of employment with Defendants, Plaintiff had a regular schedule, Plaintiff worked 5 days per week from Monday to Friday; from 6:30 AM to 6:00 PM. (11.5 hours daily). Plaintiff completed 57.5 hours every week.

11. Defendants deducted from Plaintiff's total number of working hours 1 hour daily (5 hours weekly) as a lunchtime. However, Plaintiff took only 30 minutes of lunch break. Defendants were entitled to a deduction of just 2.5 hours of lunchtime. The remaining 2.5 hours constitute unpaid overtime hours.

12. Thus, Plaintiff worked every week 55 hours. (Plaintiff has already deducted 2.5 hours as lunchtime).

13. The Plaintiff always worked 55 hours weekly, but he was paid for 45 hours weekly. Defendants paid to Plaintiff 40 regular hours with a check plus 5 overtime hours at his regular rate, in cash. The remaining 10 overtime hours were not paid to Plaintiff at any rate, not even the minimum wage rate, as established by the FLSA.

14. The Plaintiff did not clock in and out.  However, the Defendants were able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

15. Therefore, Defendants willfully failed to pay Plaintiff regular and overtime hours at the rate of time and one-half his regular rate for every hour that he worked more than forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

16. The Plaintiff was paid bi-weekly with a combination of check and cash, with paystubs that did not show the real number of hours worked.

17. The Plaintiff was not in agreement with the wages received every week and he complained to the owner of the business BILLY M. LOPEZ multiple times.

18. As a result of Plaintiff's complaints, the owner BILLY M. LOPEZ fired Plaintiff on or about May 15, 2020.

19. Plaintiff FELIPE BALTAZAR seeks to recover overtime wages for every hour over 40 that he worked, retaliatory damages, liquidated damages, and any other relief as allowable by law.

20. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

21. Plaintiff FELIPE BALTAZAR re-adopts every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

22. This cause of action is brought by Plaintiff FELIPE BALTAZAR as a collective action to recover from the Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after February

2020,  (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

23. The Defendant B. GREEN & MORE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a landscaping company and is engaged in interstate commerce.  The Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

24. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. The Plaintiff and those similarly situated regularly handled and worked on goods and materials that were produced for commerce and were moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

25. Defendants B. GREEN & MORE and BILLY M. LOPEZ employed Plaintiff FELIPE BALTAZAR approximately from February 15, 2020, to May 15, 2020, or 13 weeks.

26. The Plaintiff was hired as a non-exempted full-time landscaper, and he was paid at the rate of $17.50 an hour. Plaintiff's overtime rate should be $26.25 an hour.

27. During his time of employment with Defendants, Plaintiff had a regular schedule, Plaintiff worked 5 days per week an average of 57.5 hours.

28. Defendants deducted from Plaintiff's total number of working hours 1 hour daily (5 hours weekly) as a lunchtime. However, Plaintiff took only 30 minutes of lunch break. Defendants were entitled to a deduction of just 2.5 hours of lunchtime. The remaining 2.5 hours constitute unpaid overtime hours.

29. Thus, Plaintiff worked every week 55 hours. (Plaintiff has deducted 2.5 hours as lunchtime)

30. The Plaintiff always worked 55 hours weekly, but he was paid for 45 hours weekly. Defendants paid to Plaintiff 40 regular hours with a check plus 5 overtime hours at his regular rate, in cash. The remaining 10 overtime hours were not paid to Plaintiff at any rate, not even the minimum wage rate, as established by the FLSA.

31. The Plaintiff did not clock in and out.  However, the Defendants were able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

32. Therefore, Defendants willfully failed to pay Plaintiff regular and overtime hours at the rate of time and one-half his regular rate for every hour that he worked more than forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

33. The Plaintiff was paid bi-weekly with a combination of check and cash, with paystubs that did not show the real number of hours worked.

34. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of the Defendants.  However, upon information and belief, Defendants did not maintain time accurate records of hours worked by the Plaintiff and other employees.

35. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

36. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

37. Before the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime wages is as follows:

* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

   a. Total amount of alleged unpaid O/T wages:

   Three Thousand Nine Hundred Eighty-One Dollars and 25/100 ($3,981.25)

   b. Calculation of such wages:

   Total weeks of employment:  13 weeks
   Total number of relevant weeks: 13 weeks
   Total hours worked:  55 hours weekly
   Total overtime hours: 15 hours weekly
   Paid O/T hours: 5 O/T hours paid at regular rate
   Unpaid O/T hours: 10 O/T hours paid at $0.00
   Regular rate: $17.50 an hour x 1.5 = $26.25 O/T rate
   Overtime rate: $26.25    / Half-time O/T: $8.75 an hour

   **1.- Half-time Overtime for 5 hours weekly paid at regular rate**

   Half-time $8.75 x 5 O/T hours=$43.75 weekly x 13 weeks=$568.75

   **2.- Overtime for 10 hours weekly paid at $0.00**

   O/T rate $26.25 x 10 O/T hours=$262.50 weekly x 13 weeks=$3,412.50

   Total # 1 and #2: $3,981.25

   c. Nature of wages (e.g. overtime or straight time):

   This amount represents unpaid overtime wages.

38. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked over the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

39. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

40. At the times mentioned, individual Defendant BILLY M. LOPEZ was the owner/partner/manager of B. GREEN & MORE. Defendant BILLY M. LOPEZ was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of B. GREEN & MORE concerning its employees, including Plaintiff and others similarly situated. Defendant BILLY M. LOPEZ had absolute financial and operational control of the Corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

41. Defendants B. GREEN & MORE and BILLY M. LOPEZ willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as

required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

42. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff FELIPE BALTAZAR and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff FELIPE BALTAZAR and other similarly situated individuals and against the Defendants B. GREEN & MORE and BILLY M. LOPEZ based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff FELIPE BALTAZAR actual damages in the amount shown to be due for unpaid overtime compensation for hours worked over forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff FELIPE BALTAZAR demands trial by a jury of all issues triable as of right by a jury.


## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)
## RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

43. Plaintiff FELIPE BALTAZAR re-adopts every factual allegation as stated in paragraphs 1-20 of this complaint as if set out in full herein.

44. The employer B. GREEN & MORE was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a landscaping company. The Defendant has more than two employees directly and recurrently engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always over $500,000 per annum. Therefore, there is enterprise coverage.

45. The Plaintiff was employed by an enterprise engaged in interstate commerce. The Plaintiff and other employees similarly situated handled and worked on goods and materials and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

46. Defendant B. GREEN & MORE was and is subjected to the provisions of the Fair Labor Standards Act (FLSA).

47. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours over forty at the rate of at least one and one-half times the employee's regular rate…"

48. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed

any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

49. Defendants B. GREEN & MORE and BILLY M. LOPEZ employed Plaintiff FELIPE BALTAZAR approximately from February 15, 2020, to May 15, 2020, or 13 weeks.

50. The Plaintiff was hired as a non-exempted full-time landscaper, and he was paid at the rate of $17.50 an hour. Plaintiff's overtime rate should be $26.25 an hour.

51. During his time of employment with Defendants, Plaintiff had a regular schedule, Plaintiff worked 5 days per week an average of 57.5 hours every week.

52. Defendants deducted from Plaintiff's total number of working hours 1 hour daily (5 hours weekly) as a lunchtime. However, Plaintiff took only 30 minutes of lunch break. Defendants were entitled to a deduction of just 2.5 hours of lunchtime. The remaining 2.5 hours constitute unpaid overtime hours.

53. Thus, Plaintiff worked every week 55 hours. (Plaintiff has already deducted 2.5 hours as lunchtime).

54. The Plaintiff always worked 55 hours weekly, but he was paid for 45 hours weekly. Defendants paid to Plaintiff 40 regular hours with a check plus 5 overtime hours at his regular rate, in cash. The remaining 10 overtime hours were not paid to Plaintiff at any rate, not even the minimum wage rate, as established by the FLSA.

55. The Plaintiff did not clock in and out.  However, the Defendants were able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

56. Therefore, Defendants willfully failed to pay Plaintiff regular and overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

57. The Plaintiff was not in agreement with the wages received every week and he complained to the owner of the business BILLY M. LOPEZ multiple times.

58. These complaints constituted protected activity under the Fair Labor Standards Act.

59. As a result of Plaintiff's complaints, the owner BILLY M. LOPEZ fired Plaintiff on or about May 15, 2020.

60. At all times during his employment with Defendants, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

61. There is proximity between the Plaintiff's protected activity and the date of his termination.

62. At the times mentioned, individual Defendant BILLY M. LOPEZ was the owner/partner/manager of B. GREEN & MORE. Defendant BILLY M. LOPEZ was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of B. GREEN & MORE concerning its employees, including Plaintiff and others similarly situated. Defendant BILLY M. LOPEZ had absolute financial and operational control of the Corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

63. Defendants B. GREEN & MORE and BILLY M. LOPEZ willfully and intentionally refused to pay Plaintiff overtime wages as required by the FLSA, and then retaliated against Plaintiff by firing him.

64. The motivating factor which caused the Plaintiff's termination as described above was the complaint seeking overtime wages from the Defendants.  In other words, the Plaintiff would not have been discharged but for his complaint about overtime wages.

65. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, the Plaintiff has been damaged.

66. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff FELIPE BALTAZAR respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants B. GREEN & MORE, and BILLY M. LOPEZ that Plaintiff FELIPE BALTAZAR recovers compensatory, damages, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff FELIPE BALTAZAR further prays for such additional relief as the interests of justice may require.

<u>JURY DEMAND</u>

Plaintiff FELIPE BALTAZAR demands trial by a jury of all issues triable as of right by a jury.

Dated:  June 30, 2020

Respectfully submitted,


By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*